**UNITED STATES, Appellee,**

v.

**Private First Class Gilbert J. GARCIA, SSN 152–42–4798, United States Army, Appellant.**

**CM 444144.**

U.S. Army Court of Military Review.

14 May 1984.

Captain William T. Wilson, JAGC, argued the cause for appellant. With him on the brief were Major Robert M. Ott, JAGC, and Major Stephen R. Dooley, JAGC.

Captain Garreth E. Shaw, JAGC, argued the cause for appellee. With him on the brief were Colonel James Kucera, JAGC, and Lieutenant Colonel Thomas M. Curtis, JAGC.

Before McKAY, COKER, and WATKINS, Appellate Military Judges.

## OPINION OF THE COURT

COKER, Judge:

Appellant pled guilty to one specification of possessing 47 grams of marijuana. He was convicted by the trial judge sitting as a general court-martial of possessing the marijuana with the intent to distribute it. His adjudged sentence of a bad-conduct discharge, confinement at hard labor for four months, total forfeitures, and reduction to Private E–1 was approved by the convening authority. Before this Court, he asserts for the first time that the specification fails to allege an offense in that it contains no allegation of criminality. We agree.

The specification at issue states, "In that [appellant] ... did ... possess 47.47 grams, more or less, of marijuana in the hashish form, with the intent to distribute the said controlled substance." In *United States v. Sells*, 3 U.S.C.M.A. 202, 11 C.M.R. 202 (1953), a three part test was established to determine the legal sufficiency of a specification. These tests must determine whether the specification: 1) contains the elements of the offense charged; 2) sufficiently apprises the defendant of what he must be prepared to meet; and 3) when considered with the record, prevents any possibility of further trial upon those charges. This method of determining sufficiency of a specification was reemphasized in *United States v. Schwarz*, 15 M.J. 109, 111 (C.M.A.1983), as well as the need to apply each of the three tests. The second and third tests were met in this case.

At issue is whether the failure to allege criminality fails to meet the first test in omitting an essential element of the offense charged.

Prior to September 1982, possession of marijuana was not separately described in detail as an offense in the Manual for Courts-Martial, but only stated to be a violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. 934 (1976), as a disorder prejudicial to good order and discipline. *See* Manual for Courts-Martial, United States 1951, paragraph 213(b); paragraph 213*b*, Manual for Courts-Martial, United States, 1969 (Revised edition) [hereinafter Manual]. Appendix 6*c* of both the 1951 and the present Manual cite wrongfulness as part of the offense of possession, use or transfer of marijuana. By Executive Order 12383, 23 September 1982, paragraph 213*g* was added to the 1969 Manual wherein offenses relating to controlled substances are for the first time listed in detail. In each such offense wrongfulness is presented as an element of proof. Paragraph 213*g* (5), which discusses wrongfulness, begins with the statement that the particular drug offense must be wrongful. This change to the Manual is in accordance with long standing case law that wrongfulness is an essential element of drug offenses. *United States v. Brice*, 17 U.S.C.M.A. 336, 38 C.M.R. 134, 139 (1967); *United States v. DeStefano*, 5 M.J. 824 (A.C.M.R.1978); *modified on other grounds*, 8 M.J. 219 (C.M.A.1980); *affirmed on other grounds*, 9 M.J. 397 (C.M.A.1980).

■ A specification that fails to allege every essential element either directly or by necessary implication is fatally defective. *United States v. Schwarz, supra* at 111; *United States v. McCollum*, 13 M.J. 127, 129 (C.M.A.1982). If the words "attempt to sell marijuana (hashish)" do not import sufficient criminality, *United States v. Brice, supra* at 139, the words in the specification here, "possess marijuana [hashish] ... with the intent to distribute", imports even less criminality. In an era of mass use of prescription drugs, the term "controlled substance" can in no way infer criminality. Within its four corners, the specification before the Court contains neither expressly nor by fair implication the element of wrongfulness or criminality.

The Government's argument that paragraph 213*g* (5), Manual, changes the law, by creating an inference of wrongfulness, is misplaced. The contents of this paragraph, although now more detailed and clearly expressed, were contained in the 1951 Manual referenced by the Court in *United States v. Brice, supra* at 139. The only evident change from the 1951 Manual to the 1969 Manual is to change wrongfulness from a presumption to an inference. Similarly the changes in the offenses of transfer or sale to the offense of distribution, are ones of inclusion and not of creation.

For the foregoing reasons the findings and sentence are invalid and are hereby declared void. Another trial may be ordered by the same or a different convening authority.

Senior Judge McKAY and Judge WATKINS concur.