**** CORRECTED COPY ****

## UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

### UNITED STATES

**v.**

### Master Sergeant PATRICK CARTER
### United States Air Force

### ACM 38708

### 21 July 2016

Sentence adjudged 24 July 2014 by GCM convened at Scott Air Force Base, Illinois.  Military Judge:  Joshua E.  Kastenberg (sitting alone).

Approved Sentence:  Confinement for 40 months, forfeiture of all pay and allowances, and reduction to E-1.

Appellate Counsel for Appellant:  Major Anthony D.  Ortiz; Major Isaac C.  Kennen, and Mr. Brian L.  Mizer.

Appellate Counsel for the United States:  Major Matthew J.  Neil; Captain Richard J.  Schrider; and Gerald R.  Bruce, Esquire.

Before

MITCHELL, HECKER, and BROWN
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

HECKER, Senior Judge, delivered the opinion of the court in which MITCHELL, Senior Judge, joined in part. MITCHELL, Senior Judge, filed a separate concurring opinion. BROWN, Judge, filed a separate dissenting opinion.[1]

At a general court-martial composed of a military judge sitting alone, Appellant was convicted, contrary to his pleas, of child endangerment and committing indecent acts with

---

[1] Senior Judge Mitchell and Senior Judge Hecker participated in this decision prior to their reassignments.

a child under the age of 16, in violation of Article 134, UCMJ, 10 U.S.C. § 934. He was sentenced to confinement for 40 months, forfeiture of all pay and allowances, and reduction to E-1. The convening authority approved the sentence as adjudged.

*Background*

A 13-year-old relative of Appellant told a school social worker in April 2008 that Appellant had been sexually molesting her since she was 10 years old. She subsequently informed authorities that Appellant had raped, sodomized, and digitally penetrated her multiple times over a two-year time period.

Based on these allegations, Appellant was convicted at a general court-martial in February 2010, contrary to his pleas, of committing indecent acts with a child under the age of 16 by rubbing the victim's breasts and genitals and biting her breasts; taking indecent liberties with a child under the age of 16 by rubbing, licking and biting her breasts; and endangering the child's mental health, physical health, safety and welfare by committing sexual acts with her and instructing her not to tell anyone about those acts.[2] The panel sentenced Appellant to a dishonorable discharge, confinement for 4 years, forfeiture of all pay and allowances, and reduction to E-1.

On 2 July 2010, the convening authority (the Commander of 18th Air Force) approved the findings and sentence. Prior to the action being issued, however, a legal error was discovered regarding the findings for the indecent liberties charge. The members had found Appellant guilty by exceptions and substitutions, but failed to announce that they found him guilty of the substituted language. Following the advice of his staff judge advocate, the convening authority on 19 August 2010 disapproved that guilty finding and lowered the sentence to confinement by one year. This action by the convening authority left Appellant convicted of two specifications charged under Article 134, UCMJ—committing indecent acts and child endangerment.

On 4 January 2013, this court issued its decision in Appellant's case. As the record contained nothing that reasonably placed Appellant on notice of the Government's theory as to which terminal element clause of Article 134, UCMJ, he violated, we were "compelled to set aside and dismiss Charge III and its [two] specifications." *United States v. Carter*, ACM 37715 (A.F. Ct. Crim. App. 4 January 2013) (unpub. op.) at 5–6. In our decretal paragraph, we stated "the findings of guilty to Charge III and its specifications and the sentence are set aside and dismissed. The record of trial is returned to the Judge Advocate General for remand to an appropriate convening authority." *Id.* Although the decretal paragraph did not include language dismissing the charge and specifications, the parties (and the military judge during the second trial) agree that our decision dismissed them. We agree.

---

[2] Appellant was acquitted of rape, aggravated sexual assault and sodomy.

After The Judge Advocate General certified that decision, our superior court found on 2 August 2013 that this court did not err in finding Appellant was prejudiced by the Government's failure to allege the terminal element, and affirmed our decision.[3] *United States v. Carter*, 72 M.J. 457 (C.A.A.F. 2013). Our superior court subsequently denied the Government's petition for reconsideration on 29 August 2013. *United States v. Carter*, 72 M.J. 475 (C.A.A.F. 2013).

The Government subsequently requested that the Solicitor General appeal the case to the Supreme Court. The Solicitor General ultimately declined to do so and the deadline for filing a petition for certiorari expired on 29 November 2013.

On 31 March 2014, the Government preferred two specifications (child endangerment and indecent acts) that were identical to the specifications this court dismissed in the January 2013 decision except they now included the "service discrediting" clause.[4] After an Article 32, UCMJ, 10 U.S.C. § 832 investigation was conducted in April 2014, the specifications were referred for trial by general court-martial on 17 May 2014.

Appellant was arraigned on 10 June 2014 and his trial was conducted on 21-24 July 2014. Prior to entering pleas, Appellant filed motions to dismiss based on a violation of his right to a speedy trial and an expiration of the statute of limitations. The military judge denied these two motions to dismiss.

In this appeal, Appellant argues that: (1) the convening authority's referral of these charges is void because this court previously set aside and dismissed the charge and did

---

[3] The certified issues were:

    I. WHETHER APPELLEE SATISFIED HIS BURDEN TO DEMONSTRATE THAT THE DEFECTIVE SPECIFICATIONS UNDER ARTICLE 134, UCMJ, MATERIALLY PREJUDICED HIS SUBSTANTIAL RIGHTS WHEN HE WAS PROVIDED ACTUAL NOTICE OF THE TERMINAL ELEMENT THROUGH AN ARTICLE 32 REPORT RECEIVED PRIOR TO TRIAL.

    II. WHETHER THE AIR FORCE COURT OF CRIMINAL APPEALS APPLIED AN ERRONEOUS STANDARD OF LAW WHEN EVALUATING WHETHER THE DEFECTIVE SPECIFICATIONS UNDER ARTICLE 134, UCMJ, MATERIALLY PREJUDICED APPELLEE'S SUBSTANTIAL RIGHTS BY FAILING TO CONSIDER WHETHER THE EVIDENCE ON THE MISSING ELEMENT WAS "OVERWHELMING AND ESSENTIALLY UNCONTROVERTED."

    III. WHETHER THIS HONORABLE COURT SHOULD APPLY THE FOURTH PRONG OF THE PLAIN ERROR ANALYSIS AS ARTICULATED BY THE UNITED STATES SUPREME COURT IN *UNITED STATES V. OLANO*, 507 U.S. 725 (1993), WHEN ASSESSING WHETHER THE DEFECTIVE SPECIFICATIONS UNDER ARTICLE 134, UCMJ, MATERIALLY PREJUDICED APPELLEE'S SUBSTANTIAL RIGHTS IN THIS CASE.

Our superior court answered the first question in the affirmative and the other two questions in the negative. *United States v. Carter*, 72 M.J. 457 (C.A.A.F. 2013).

[4] The Government also preferred an indecent liberties specification that mirrored the specification that the convening authority previously elected to disapprove during clemency. The trial judge subsequently dismissed this specification as a violation of double jeopardy.

not authorize any further proceedings as part of its remand; (2) his right to a speedy trial was violated; (3) he was twice put in jeopardy for the same offense in violation of the Fifth Amendment and Article 44, UCMJ, 10 U.S.C. § 844; (4) the statute of limitations barred his prosecution for child endangerment; (5) the preemption doctrine prohibited him from being prosecuted for indecent liberties under both Articles 120(j) and 134, UCMJ, 10 U.S.C. §§ 920(j), 934; (6) certain evidence was improperly admitted as evidence of habit under Military Rule of Evidence 406; and (7) the convening authority's action in ordering a new trial was improper because The Judge Advocate General had previously informed Appellant all rights would be restored and his case dismissed. As we grant relief to Appellant on the first issue, we do not address the others in this opinion.

*Scope of Remand and Authority to Order Further Proceedings*

Several of the issues raised at trial and during this appeal stemmed from uncertainty about the meaning and effect of this court's January 2013 decision. Although he did not raise such an issue at trial, Appellant now contends that the instant court-martial was unlawful as no such proceeding was authorized by this court as part of that decision. The Government responds that no such explicit authority is required in this circumstance.

The confusion began shortly after the Government's deadline for filing a petition for certiorari expired on 29 November 2013. Based on an error in the initial trial's general court-martial order (which incorrectly stated there was an approved finding of guilty for the indecent liberties specification that had been disapproved by the convening authority[5]), the Air Force's military justice division, acting for The Judge Advocate General, returned the record of trial to the original convening authority at Eighteenth Air Force and advised that office that a rehearing on sentence was authorized. Soon thereafter, the error was discovered and personnel at Eighteenth Air Force returned the record to the military justice division.[6]

The military justice division then asked the Air Force District of Washington (AFDW)[7] to issue a final order in the case since, in the military justice division's view, the appellate review of the initial case was now over. This final order was to reflect the appellate modifications of the findings and sentence in the case.[8] When Eighteenth Air

---

[5] This error had not been noted by the parties or this court during its initial review.

[6] A corrected general court-martial order was issued to fix the error.

[7] Once the original convening authority's action was taken in Appellant's case in August 2010, Appellant had become attached to the Air Force District of Washington and its commander was his general court-martial convening authority. *See* Air Force Instruction (AFI) 51-201, *Administration of Military Justice*, ¶ 2.4.3.5 (6 June 2013) ("All inmates, parolees and members on appellate leave assigned to the Air Force Security Forces Center, Corrections Division, are attached to [Air Force District of Washington] and its appropriate subordinate commands for the exercise of general, special, and summary court-martial convening authority.")

[8] *See* AFI 51-201, *Administration of Military Justice*, ¶10.9.5 ("A final order is a supplementary order used after appellate review is complete to promulgate a convening authority's action and/or reflect modifications of findings and sentence. . . . A final order should reflect the post-trial and appellate history of the case, including actions taken by the convening authority, the appellate courts, SecAF and TJAG.")

Force subsequently expressed an interest in retrying Appellant, the AFDW legal office did not object.[9]

Therefore, on 4 February 2014, the military justice division again sent the record of trial to the legal office of Eighteenth Air Force, along with the appellate decisions issued in the case, for a "determination on further proceedings." The memorandum also stated that a 120-day speedy trial period under Rule for Courts-Martial (R.C.M.) 707(b)(3)(D) begins on the date the convening authority receives the record of trial. Two days later, the legal office was sent a second memorandum providing more detail about the appellate history of the case.

On 21 March 2014, the Commander of 18th Air Force issued a final general court-martial order regarding the initial proceeding, stating this court had "set aside" the findings of guilty and the sentence on 4 January 2013 and that our superior court had affirmed that decision on 2 August 2013.[10] The order did not reference that this court had also ordered the charge and specifications dismissed. It further stated that "a new trial is hereby ordered."[11]

The second proceeding involving Appellant took place in July 2014. At that trial, Appellant did not allege, as he now does, that it was an unauthorized proceeding or that it exceeded the scope of the remand from our initial decision.

In that January 2013 decision, we evaluated whether the Article 134, UCMJ, specifications failed to state an offense[12], in light of our superior court's decision in *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012). In that case, our superior court concluded that, in the context of a purportedly defective Article 134, UCMJ, specification

---

[9] At trial, Appellant did not object to the Eighteenth Air Force commander serving as the general court-martial convening authority in this case. Appellant was brought off appellate leave and assigned to Air Mobility Command, within the purview of Eighteenth Air Force, effective 31 March 2014.

[10] The order also stated "Pursuant to Article 75(a), UCMJ, all rights, privileges, and property of which the Accused was deprived by virtue of the findings of guilty and the sentence that were set aside will be restored, with the exception of back pay associated with the member's reduction in grade. The grade of E-7 is restored to the member effective 31 March 2014. Payment at a grade lower than E-7 will be continued pursuant to Department of Defense Financial Management Regulation 700.14-5, Section 7A, Chapter 48, paragraph 4808." At trial, the defense noted that Appellant had been paid as an E-1 during the four months he served on active duty after being brought back for his second trial. The defense counsel informed the military judge that they did not consider this to be punishment under Article 13, UCMJ, 10 U.S.C. § 813 but asked the military judge to consider that fact in determining an appropriate sentence. Appellant has not raised an issue regarding this during his appeal.

[11] The order states the new trial is "pursuant to R.C.M. 1107(f)(2)." This appears to be a typographical error as that provision pertains to modifying initial actions following a court-martial. We conclude the convening authority meant to reference Rule for Courts-Martial (R.C.M.) 1107(e)(2) which is the provision relating to ordering an "other" trial.

[12] For a specification to be sufficient, it must allege every element of the charged offense expressly or by necessary implication, so as to give the accused notice and protect him against double jeopardy. *United States v. Crafter*, 64 M.J. 209, 211 (C.A.A.F. 2006); R.C.M. 307(c)(3). This includes the terminal element in an Article 134, UCMJ, 10 U.S.C. § 934 specification. *United States v. Fosler*, 70 M.J. 225, 232-33 (C.A.A.F. 2011). Allegation of the terminal element is constitutionally required and the Government's failure to satisfy that requirement constitutes failure to state an offense. *Id.*

raised for the first time on appeal, the failure to allege the terminal element is not necessarily structural error[13] warranting automatic dismissal, but instead is error that can be tested for prejudice. *United States v. Wilkins*, 71 M.J. 410, 413 (C.A.A.F. 2012) (stating, "An error in charging an offense is not subject to automatic dismissal, even though it affects constitutional rights."); *Humphries*, 71 M.J. at 212-14. The prejudice turns on whether the charging error frustrated an accused's right to notice and his opportunity to zealously defend himself. *Humphries*, 71 M.J. at 215-16. In such a circumstance, there is plain error requiring dismissal of the specification by the appellate court. *Id.* at 213.

After finding prejudice and thus plain error in *Humphries*, our superior court set aside and dismissed the affected specification and charge, and returned the case to the service court for either a sentence reassessment or a sentence rehearing on the affirmed specifications. *Humphries*, 71 M.J. at 217. The court did not comment on whether the dismissed specification could be the subject of a second court-martial if the charging error was corrected.[14] *Id.*

Similarly, in our January 2013 decision, we also did not expressly state whether Appellant could face a second court-martial on the conduct that served as the basis for the dismissed specifications. Although he did not raise it at trial, Appellant now contends the convening authority's referral of the "dismissed specifications" to another general court-martial was void as it exceeded the scope of our remand. In making this argument, Appellant notes that Article 66(d), UCMJ, 10 U.S.C. § 866(d) gives a service court a binary choice of options where all (or some) of the findings in a case are set aside: authorize a rehearing on the findings or dismiss the affected charges.[15] In his initial appellate brief, Appellant argued that his second proceeding was such a rehearing, and that it was unauthorized because our opinion did not expressly authorize it.[16] In his reply brief, he

---

[13] "Structural errors are those constitutional errors" which so affect the trial framework "that the trial 'cannot reliably serve its function as a vehicle for determination of guilt or innocence.'" *United States v. McMurrin*, 70 M.J. 15, 19 (C.A.A.F. 2011) (internal citations omitted). "Like the Supreme Court, [our superior] court has indulged a 'strong presumption' against structural error, and has declined to find it unless the error is of such a nature that its effect is 'difficult to assess' or harmlessness is irrelevant." *Id.* (citing *United States v. Brooks*, 66 M.J. 221, 224 (C.A.A.F. 2008)).

[14] The Court of Appeals for the Armed Forces subsequently denied the Government's request for reconsideration. *United States v. Humphries*, 71 M.J. 347 (C.A.A.F. 2012). After the case was remanded to this court, we reassessed the sentence based on the sole remaining specification. *United States v. Humphries*, ACM 37491 (f rev) (A.F. Ct. Crim. App. 6 December 2012) (unpub. op.). Our superior court later reversed that decision based on an unrelated instructional error, set aside the charge and its specification and the sentence, and returned the record to The Judge Advocate General with a rehearing on the charge and specification authorized. *United States v. Humphries*, 72 M.J. 400 (C.A.A.F. 2013).

[15] A service court is not allowed to order a rehearing when the court's basis for setting aside findings is a lack of sufficient evidence in the record. Article 66(d), UCMJ, 10 U.S.C. § 866(d).

[16] In his brief, Appellant did not address the language in our January 2013 opinion that acknowledged there may be additional hearings on the dismissed specifications. Specifically, while electing not to provide Appellant relief for post-trial delays, this Court reasoned that "limiting the possible sentence the appellant might receive at a possible rehearing would amount to an undeserved windfall and is neither reasonable nor warranted under the circumstances of this case." For the reasons discussed below, referring to a potential later hearing on the dismissed specifications as a "rehearing" was error.

adds an argument that an "other" trial was also not authorized by our January 2013 decision. In his view, once this court dismissed the specifications without expressly authorizing a rehearing or an "other" trial, the convening authority had no authority to do anything involving Appellant except issue a final order to effectuate our decision, and thus the current case must be dismissed.

"Rehearings" and "other" trials are both[17] included in R.C.M. 810 as types of proceedings that can occur when a legal issue has negatively impacted a court-martial.

A "rehearing in full" (usually called simply a "rehearing") is a proceeding that "require[s] findings on all charges and specifications referred to a court-martial." R.C.M. 810(a)(1); *United States v. Mansfield*, 38 M.J. 415, 418 (C.M.A. 1993). A rehearing can be authorized, for example, where the accused enters an improvident plea[18], a member challenge was improperly denied[19], ineffective assistance of counsel occurred during findings[20], or unlawful command influence tainted the trial on the merits.[21] In these circumstances, although the findings and sentence are set aside, the charges themselves are not dismissed. The rehearing is considered a continuation of the initial trial proceedings.[22]

Although not referenced in Articles 66 or 67, UCMJ, 10 U.S.C. §§ 866, 867 the *Manual for Courts-Martial* describes another possible remedy for a case involving certain legal errors—an "other trial," defined as "another trial of a case in which the original proceedings were declared invalid because of lack of jurisdiction or failure of a charge to state an offense." R.C.M. 810(e). *See also* R.C.M. 1107(e)(2); *United States v. Adams*, 66 M.J. 255, 258-59 (C.A.A.F. 2008) (holding that an improperly constituted court-martial panel creates jurisdictional error which requires that the findings be set aside as invalid).

---

[17] Also included in R.C.M. 810, but inapplicable to this case, are a sentence rehearing and a combined rehearing. A sentence rehearing occurs when an appellate court affirms the finding of guilt for at least one specification, finds prejudicial error affecting other findings or the sentence, and is unable to reassess the sentence in light of that error. R.C.M. 810(a)(2); *United States v. Quick*, 74 M.J. 332 (C.A.A.F. 2015). A combined rehearing is a sentence rehearing combined with a trial on the merits of one or more specifications, whether being heard for the first time or reheard. R.C.M. 810(a)(3); *United States v. High*, 39 M.J. 82, 83 (C.M.A. 1994); *United States v Mountain*, 14 M.J. 119 (C.M.A. 1982).

[18] *See e.g. United States v. Blouin*, 74 M.J. 247, 252 (C.A.A.F. 2015).

[19] *See e.g. United States v. Rogers*, 75 M.J. 270, 274-75 (C.A.A.F. 2016) (authorizing a rehearing where no instruction was given by a military judge to cure potential member bias); *United States v. Woods*, 74 M.J. 238, 245 (C.A.A.F. 2015).

[20] *See e.g. United States v. Gibson*, 51 M.J. 198, 201-03 (C.A.A.F. 1999).

[21] *See e.g. United States v. Harvey*, 64 M.J. 13, 22, 25 (C.A.A.F. 2006).

[22] *See United States v. Beatty*, 25 M.J. 311, 314-15 (C.M.A. 1987); *United States v. Staten*, 45 C.M.R. 267, 269 (C.M.A. 1972); *see also Reid v. Covert*, 351 U.S. 487, 491 (1956) ("The military courts have recognized rehearings to be but continuations of the original proceedings . . . and the legislative history of Article 63 of the Code bears out the fact that they were so intended by Congress."); *United States v. McFarlin*, 24 M.J. 631, 634 (A.C.M.R. 1987) (noting that if original charges are not explicitly dismissed, but a rehearing on those charges is authorized, the original charges need not be preferred again); *United States v. Flint*, 50 C.M.R. 865, 869 (A.C.M.R. 1975) (granting a rehearing to an accused does not alter the original valid charges).

This concept of an "invalid proceeding" and a subsequent "other" trial began in the *1951 Manual for Courts-Martial*, (1951 ed.). In describing the convening authority's obligation to examine the findings of guilty, that *Manual* stated that if any specification fails to allege an offense, "the proceedings as to that specification are a nullity and will be declared invalid . . . [if] it appears from the record that the accused was in fact misled by such defect or that his substantial rights were in fact otherwise materially prejudiced thereby." *Manual for Courts-Martial, United States* (*MCM*), Chapter XVII, ¶87.a.(2) (1951 ed.); *see also MCM*, Chapter XII, ¶68.b.(1), (3) ("If . . . the charges fail to allege any offense under the code the proceedings are a nullity. . . . [C]ourts-martial do not have jurisdiction to try any offenses not cognizable under the code."). The concept was repeated in the *Manual*, (1969 ed.). *See MCM,* Chapter XII, ¶68.b.(1), (3) (1969 ed.); *MCM*, Chapter XVII, ¶87.a.(2). Both Manuals also contained language indicating that a second trial could be ordered if a specification meets this criteria. *See MCM*, Chapter XVIII, ¶92 (1951 ed.); Chapters XV and XVIII, ¶81.d.(2) and 92.b. (1969 ed). By the time of the 1994 Manual, the language regarding this issue was found in R.C.M. 810(e) and 1107(e)(2), where it remains today.

In the jurisdictional defect context, appellate courts generally authorized an "other" trial in this circumstance after finding the initial proceedings to be invalid.[23] In other cases, the courts set aside the findings of guilt without dismissing the charges and authorized an "other" trial.[24]

Courts have also found court-martial proceedings invalid when specifications failed to state an offense. In some cases, the appellate court did not reference further

---

[23] *See e.g. United States v. Reid*, 46 M.J. 236, 240 (C.A.A.F. 1997) (agreeing with the lower court's conclusion that the findings of guilty for conduct prior to a member's fraudulent discharge are void and that an "other trial" is authorized); *United States v. Ryan*, 5 M.J. 97, 101 (C.M.A. 1978) (holding that error in member selection process means "there was no court at all" and authorizing "another trial" after setting aside the findings of guilt); *United States v. Sullivan*, NMCCA 201400071 (N-M. Ct. Crim. App. 29 May 2014) (unpub. op.) (citing to R.C.M. 1107(e)(2) in authorizing an "other" trial); *United States v. Peden*, 52 M.J. 622, 625 (A. Ct. Crim. App. 1999) (holding that an improperly constituted panel resulted in invalid and void sentence proceedings and authorizing an "other" trial on the sentence); *United States v. Hood*, 37 M.J. 784 (A.C.M.R. 1993) (holding an improperly constituted panel made the entire proceeding void); *United States v. Pazdernik*, 22 M.J. 503, 505 (A.F.C.M.R. 1986) (finding that an unauthorized convening authority created a court without jurisdiction and proceedings that were a nullity, authorizing an "other trial"), *rev'd on other grounds*, 25 M.J. 232 (C.M.A. 1987); *United States v. Jette*, 22 M.J. 803, 806 (A.F.C.M.R. 1985) (finding that an improper assumption of command by a convening authority created a jurisdictional defect rendering the court-martial proceedings against the accused to be "of no effect" and authorizing an "other trial"), *rev'd on other grounds*, 25 M.J. 16 (C.M.A. 1987); *United States v. Caldwell*, 16 M.J. 575, 577 (A.C.M.R. 1983). *But see United States v. Henderson*, 59 M.J. 350, 352-54 (C.A.A.F. 2004) (finding that a court-martial without jurisdiction is a nullity and is findings void, setting aside findings of guilty and remanding the case to the service court to either dismiss the charge or order a "rehearing").
[24] *See e.g. United States v. Shoemake*, 20 M.J. 381 (C.M.A. 1985); *United States v. Allgood*, 37 M.J. 960, 963 (A.C.M.R. 1993), *rev'd on other grounds*, 41 M.J. 492 (C.A.A.F. 1995); *United States v. Brinston*, 28 M.J. 631, 633 (A.F.C.M.R. 1989) (authorizing an "other" trial, citing to R.C.M. 1107(e)(2)), *rev'd*, 31 M.J. 222 (C.M.A. 1990); *United States v. Miner*, 23 M.J. 694, 699 (A.F.C.M.R. 1986), *rev'd on other grounds*, 23 M.J. 266 (C.M.A. 1986); *United States v. Martin*, ACM 24821 (A.F.C.M.R. 5 September 1985) (unpub. op.).

proceedings.[25] In other cases, the appellate court authorized "another trial" after finding the initial proceedings invalid.[26] In other cases, appellate courts authorized a "rehearing" on the affected specifications.[27] Courts have also dismissed the charges without referencing the possibility of a second proceeding.[28]

This mixed handling of this situation has also occurred in more recent cases involving defective specifications, including those that fail to state an offense by not alleging the terminal element. The appellate courts have been inconsistent in how they describe what happens once that determination regarding the terminal element is made. None of the decisions stated the initial proceedings were "invalid" relative to those specifications and most decisions either dismiss the specifications without further comment or refer to a potential second trial on them as a "rehearing."

In *Humphries* itself, our superior court dismissed the affected specifications, affirmed other specifications, and returned the case to the service court for either a sentence reassessment or a sentence rehearing on the affirmed specifications. *Humphries*, 71 M.J. at 217. The court did not comment on whether the proceedings were invalid relative to the affected specifications nor whether those dismissed specifications could be the subject of a second court-martial if the charging error was corrected. *Id.* Similarly, in a pre-*Humphries* case, our superior court dismissed the sole charge and specification for failure to state an offense without referencing further proceedings. *United States v. Sutton*, 68 M.J. 455, 459 (C.A.A.F. 2010).

---

[25] *See e.g. United States v. Dudley*, 24 C.M.R. 607 (A.F.B.R. 1957) (findings of guilty to defective specifications are a "nullity" and the findings are declared invalid); *United States v. Smart*, 12 C.M.R. 826, 829 (A.F.B.R. 1953) (proceedings and findings as to defective specification are null and void); *United States v. Francis*, 12 C.M.R. 695, 704, 710 (A.F.B.R. 1953) (proceedings as to a defective specification are a "legal nullity" and "null and void"); *United States v. Sluss*, 5 C.M.R. 339, 342 (N.B.R. 1952) (proceedings and findings as to defective specification are invalid).
[26] *See United States v. Garcia*, 18 M.J. 539, 540 (A.C.M.R. 1984) (declaring findings and sentence are invalid and another trial may be ordered); *United States v. Torrence*, 42 C.M.R. 892 (A.C.M.R. 1970) (declaring proceedings are invalid and authorizing another trial); *United States v. Cozad*, 11 C.M.R. 825 (A.F.B.R. 1953) (finding proceedings, findings and sentence invalid and void in a case where the sole specification was defective, and authorizing another trial on a properly prepared specification and charge); *United States v. League*, 6 C.M.R. 799, 802 (A.F.B.R. 1952) (declaring proceedings, findings and sentence are invalid and void as all specifications are defective and another trial may be ordered). *But see United States v. Wade*, 34 C.M.R. 287, 292 (C.M.A. 1964) (authorizing the lower court to reassess the sentence based on affirmed findings or order another trial on charges that state an offense, but not stating the initial proceedings were invalid).
[27] *See e.g. United States v. Burke,* 39 C.M.R. 718, 721 (A.B.R. 1968) (holding that proceedings and findings as to certain specifications are set aside and a rehearing on proper charges may be held); *United States v. Daminger*, 30 C.M.R. 826 (A.F.B.R. 1960) (finding that where a specification failed to state an offense, the court-martial had no jurisdiction with respect to it and the proceedings were a "nullity" and "null and void," authorizing "properly pleaded" specifications to be tried at a rehearing).
[28] *See e.g. United States v. Lorenzen*, 20 C.M.R. 228 (C.M.A. 1985) (finding the proceedings null and void where the sole specification failed to state an offense, dismissing the charges but not referencing another trial); *United States v. Harnish*, 31 C.M.R. 29 (C.M.A. 1961) (holding that an individual who served on a court-martial without appointment by the convening authority rendered the proceedings invalid, thus findings of guilty were set aside and the specifications were dismissed without a second trial being authorized); *United States v. Marsh*, 1 C.M.R. 789, 792 (A.F.B.R. 1951) (finding of guilty as to a defective specification is a legal nullity and the proceedings, findings and sentence are void and the findings of guilty are set aside and the charge dismissed).

In other cases, our superior court has indicated that a "rehearing" on the affected specifications is authorized. For example, when all specifications in a case failed to state an offense, as in this case, the findings of guilty on the *Humphries* specifications and the sentence were "set aside," and the record of trial was returned to The Judge Advocate General with a rehearing authorized. *See United States v. Parker*, 73 M.J. 41 (C.A.A.F. 2013); *United States v. Hudson*, 72 M.J. 464 (C.A.A.F. 2013); *United States v. Swartz*, 72 M.J. 465 (C.A.A.F. 2013); *United States v. Garcia*, 72 M.J. 451 (C.A.A.F. 2013).[29] In those cases, unlike in *Humphries* itself, the specifications were not dismissed by our superior court, which instead left it to a convening authority to determine whether the accused should face a second trial ("rehearing") on properly drafted specifications.[30] *Id.*; *Humphries*, 71 M.J. 209.

Similarly, when only some of the specifications failed to state an offense, our superior court has set aside the findings of guilty and the sentence, and returned the case to the service court with directions to either order a "rehearing" on the affected specifications and sentence or dismiss the affected specifications and reassess the sentence based on the affirmed findings. *See e.g. United States v. Evans*, 73 M.J. 410 (C.A.A.F. 2014); *United States v. Jones*, 72 M.J. 465 (C.A.A.F. 2013); *United States v. Jordan*, 72 M.J. 466 (C.A.A.F. 2013); *United States v. Walton*, 72 M.J. 464 (C.A.A.F. 2013); *United States v. Danes*, 72 M.J. 449 (C.A.A.F. 2013); *United States v. Valentin*, 72 M.J. 450 (C.A.A.F. 2013); *United States v. Thomas*, 72 M.J. 435 (C.A.A.F. 2013). Our superior court did not find the proceedings to be invalid relative to these faulty specifications, nor did it reference whether the accused in these cases could face a second trial through a rehearing or an "other" trial.

When evaluating this situation regarding *Humphries* specifications in cases that had not yet been reviewed by our superior court, this court and two of our sister courts have "dismissed" those specifications and, if other specifications are unaffected, reassessed the sentence as to the unaffected specifications.[31] These decisions do not state whether the accused could face a second trial on the affected specifications through a rehearing or an "other" trial nor do they comment on whether the initial proceedings were invalid relative to those specifications.

---

[29] In *Parker*, the lower court dismissed the affected specifications and reassessed the sentence. *United States v. Parker*, Army 20110248 (Army Ct. Crim. App. 26 September 2013) (unpub. op.). There is no indication in LEXIS about any further proceedings in the other three cases.

[30] As a rehearing is a continuation of the prior court-martial, the existing charges would presumably need to be amended to add the terminal element, which could constitute a "major change" to which the accused could object. *See United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012).

[31] *See e.g. United States v. Rogers*, No. 1391 (C.G. Ct. Crim. App. 8 July 2015) (unpub. op.), *rev'd on other grounds*, 75 M.J. 270 (C.A.A.F. 2016); *United States v. Albright*, ACM 37961 (rem) (A.F. Ct. Crim. App. 15 April 2015) (unpub. op.); *United States v. Rodriguez*, ACM 37878 (A.F. Ct. Crim. App. 11 July 2013) (unpub. op.); *United States v. Lindgren*, ACM 37928 (A.F. Ct. Crim. App. 16 April 2013) (unpub. op.); *United States v. Magnan*, NMCCA 201000414 (N-M. Ct. Crim. App. 6 December 2012) (unpub. op.).

In contrast, our other sister court, in several cases involving the *Humphries* issue, has, without declaring the prior proceedings to be invalid, dismissed the affected specifications "without prejudice" while noting there is no bar to a "new trial."[32]  This includes cases where all specifications are affected[33], as well as where some specifications are unaffected by *Humphries*.[34]  That court, however, has been internally inconsistent as, in other cases, it has authorized a "rehearing" on the affected specifications[35] and, in others, dismissed the affected specifications without prejudice while not expressly referencing a second trial.[36]  That court has also set aside findings of guilt to the specifications without dismissing them.[37]

In short, appellate courts have used varied language in describing what can happen after an appellant is found guilty of one or more specifications that are later found to have failed to state an offense.

Our initial opinion in this case itself was not a model of clarity.  We found the specifications failed to state an offense, but we did not find the initial court-martial proceeding to be invalid.  *Carter*, unpub. op.  We referenced a "possible rehearing" (when discussing why we were not providing any relief for alleged post-trial delay), but did not expressly authorize such a rehearing.  *Id.*  Nor did we expressly authorize an "other" trial on the specifications.  *Id.*  Instead, we set aside the findings of guilt and the sentence, dismissed the charge and its specifications, and returned the record of trial to the Judge Advocate General "for remand to an appropriate convening authority."  *Id.* at 11–12.

Our dismissal of the affected specifications occurred after we found that Appellant, in a contested case, was charged with and convicted of two specifications that failed to allege an element of the charged offense, resulting in material prejudice to his substantial, constitutional right to notice under the Fifth and Sixth Amendments.  *See Humphries*, 71 M.J. at 215; *Carter*, unpub. op. at 6-8.  Dismissal of the specifications is the remedy where

---

[32] Although the court uses the phrase "new trial," it appears the court was referring to an "other" trial as a "new trial" is ordered when the standards within Article 73, UCMJ, 10 U.S.C. § 873 are met and that is inapplicable in this case.

[33] *See e.g. United States v. Thompson*, Army 20100545 (Army Ct. Crim. App. 30 May 2013) (unpub. op.); *United States v. Swift*, Army 20100196 (Army Ct. Crim. App. 29 November 2012) (unpub. op.), *aff'd*, 72 M.J. 466 (C.A.A.F. 2013).

[34] *See United States v. Moses*, Army 20090247 (Army Ct. Crim. App. 5 May 2014) (unpub. op.); *United States v. Morrissette*, Army 20090166 (Army Ct. Crim. App. 19 February 2013) (unpub. op.).

[35] *See United States v. Edwards*, Army 20100399 (Army Ct. Crim. App. 30 April 2013) (unpub. op.); *United States v Bozeman*, Army 20080711 (Army Ct. Crim. App. 28 September 2012) (unpub. op.).

[36] *See United States v. Sickels*, Army 20110110 (Army Ct. Crim. App. 23 July 2013) (unpub. op.), *aff'd* 73 M.J. 233 (C.A.A.F. 2014); *United States v. Nordin*, Army 20090044 (Army Ct. Crim. App. 3 July 2013) (unpub. op.) (holding that findings of guilty for affected specifications are set aside and dismissed without prejudice, and the sentence on the affirmed findings are reassessed); *United States v. Bray*, Army 20100029 (Army Ct. Crim. App. 30 July 2012) (unpub. op.).

[37] *See e.g. United States v. Threats*, Army 20110187 (Army Ct. Crim. App. 4 September 2013) (unpub. op.); *United States v. Warren*, Army 20100914 (Army Ct. Crim. App. 29 Aug 2013) (unpub. op.).

a charging error, namely the lack of a terminal element, has frustrated the accused's right to notice and his opportunity to defend himself. *Humphries*, 71 M.J. at 215-16. Thus, once we found this type of prejudice in Appellant's case, *Humphries* indicates we were required to dismiss the specifications. *Carter*, unpub. op. at 7-8. (holding this court was "compelled" to dismiss the specifications). That case did not reference or implement the "other" trial provisions, stating instead that dismissal was the appropriate remedy.

As detailed above, however, that remedy of dismissal has not been implemented in many of the *Humphries*-era cases involving failure to state an offense based on the lack of a terminal element. None of those appellate decisions have declared the proceedings to be invalid, as was commonly done in the past when specifications failed to state an offense. Our superior court has stated in some cases that rehearings on *Humphries* specifications are authorized and has dismissed those specifications in other cases. In those cases where specifications were not dismissed, the appellate courts, including our superior court, "set aside" the findings of guilty and the sentence and then authorized a rehearing. The service courts have generally dismissed the *Humphries* specifications in the course of reassessing sentences based on other affirmed specifications, while one of those courts has, on occasion, expressly authorized rehearings or second trials on the *Humphries* specifications.

Here, the parties and military judge at the second trial agreed that we had dismissed the specifications and that this second proceeding constituted an "other" trial. Appellant now contends that our dismissal of the specifications and our failure to simultaneously authorize further proceedings (either a rehearing or an "other" trial) precludes the convening authority from initiating any such proceedings. The language of Article 66(d), UCMJ, provides support for his argument that a rehearing is unauthorized as it gives service courts two options after setting aside findings in a case—order a rehearing on those findings or dismiss the specifications. *See* R.C.M. 1203(b), Discussion. *See also United States v. Atchak*, 75 M.J. 193 (C.A.A.F. 2016) (holding service courts have discretion in deciding whether to order a rehearing or dismiss charges when a rehearing is not ordered).

All three judges on the panel agree with Appellant that our election of the dismissal option precludes the convening authority from ordering a rehearing.[38] *Cf. United States v. Brinston*, 31 M.J. 222, 224–25 (C.M.A. 1990) (dismissing charges and ordering a rehearing on them are two "opposing provisions;" when the findings and sentence have been set aside, the convening authority has two separate options: dismissal or have a rehearing on them). Although the opinion contained language about a possible rehearing, it did not

---

[38]  As described elsewhere in this opinion, precedent from our superior court indicates we could have set aside the findings of guilty and the sentence and authorized a rehearing. *See Parker*, unpub. op.*; United States v. Swartz,* 72 M.J. 465 (C.A.A.F. 2013); *United States v. Hudson*, 72 M.J. 464 (C.A.A.F. 2013); *Garcia*, 18 M.J. at 540. It is unclear how that process can be reconciled with the precedent that states dismissal is the appellate remedy when a specification fails to state an offense. *See Humphries,* 71 M.J. 209; *United States v. Sutton*, 68 M.J. 455 (C.A.A.F. 2010). If the remedy for these "failure to state an offense" cases was, as it used to be, a finding that the prior proceedings were invalid relative to those specifications, the appellate court would not be forced to work within the binary "rehearing or dismissal" construct of Articles 66(d) and 67(d), UCMJ, 10 U.S.C. §§ 866(d), 867(d).

authorize one. If this was unclear to the Government in January 2013, then its obligation was to file for reconsideration and/or review of our decision. *See Atchak*, 75 M.J. at 196 (after seeking reconsideration en banc with this court, the Government then certified the issue of whether this court erred in dismissing specifications without authorizing the convening authority to order a rehearing); *United States v. Harris*, 53 M.J. 86, 88 (C.A.A.F 2008) ((reviewing service court decisions on reassessment is "to prevent obvious miscarriages of justice or abuses of discretion") (citation omitted)). When those steps were not taken, any possibility of a rehearing was foreclosed.

What the Government could not do is choose to exceed the scope of the remand. Here, the case was remanded to the appropriate convening authority to take action consistent with the January 2013 opinion – that is, to issue a final court-martial order reflecting that the charges and specifications were dismissed. "After remand of a case, a lower court, or in the military any lower echelon, is without power to modify, amend, alter, set aside, or in any manner disturb or depart from the judgment of the reviewing court." *United States v. Stevens*, 27 C.M.R. 491, 492 n.1 (C.M.A. 1959).

That does not end the analysis, however, as the convening authority here ordered an "other" trial pursuant to R.C.M. 1107(e)(2), not a rehearing. As the appellate courts did not authorize or order this type of proceeding after dismissing the specifications, we must determine whether the convening authority had the authority to order such a proceeding when the record of trial was remanded to him. This is where the three judges on this panel differ.

In ordering the second trial, the convening authority cited to R.C.M. 1107(e)(2)[39] which states, "The convening or higher authority may order an 'other' trial if the original proceedings were invalid because of . . . failure of a specification to state an offense. The authority ordering an 'other' trial shall state in the action the basis for declaring the proceedings invalid."

Judge Brown concludes that this provision gives the convening authority independent authority to order an "other" trial regardless of whether a rehearing is authorized.[40] I disagree.

---

[39] See fn 10 regarding typographical error.
[40] Senior Judge Mitchell, in contrast, concludes an "other" trial is unauthorized because it is a type of "rehearing." I disagree. *See United States v. Padilla*, 5 C.M.R. 31, 41-42 (C.M.A. 1952) ("[T]here is a legal and practical difference between a 'rehearing' ordered for procedural error, and 'another trial' ordered for jurisdictional defect in the original proceedings."); *United States v. Ellison*, 40 C.M.R. 726, 729 (A.B.R. 1969) ("[S]ince there was never a valid original hearing of the case, there can be no *rehearing*, but only *another trial*."). The Rules for Courts-Martial and Military Rules of Evidence refer to rehearings and "other" trials in a manner that clearly demonstrates they are separate and distinct proceedings. For example, R.C.M. 810 is entitled "Procedures for rehearings, new trials, and other trials" and, in several places, refers to rehearings, new trials, and other trials as independent processes. *See* R.C.M. 810(a)(1) ("In rehearings . . . and in new or other trials, the procedure shall be the same as in an original trial . . . ."); R.C.M. 810(b)(3) ("The accused at a rehearing or new or other trial shall have the same right to [forum selection] as [he] would have at an original trial."); R.C.M. 810(c) ("No member may, upon a rehearing or upon a new or other trial, examine the

Although the specifications here did fail to state an offense, no appellate court (or any other "higher authority") had declared the original proceedings to be invalid, nor had an "other" trial been expressly authorized in our remand. Without such direction, R.C.M. 1107 appears to authorize a convening authority to sua sponte order an "other" trial *only* when he is taking his initial action on the court-martial—R.C.M. 1107 itself is entitled "Action by convening authority" and describes the procedures for the convening authority to take action on the findings and sentence following a court-martial and prior to appellate review. *See also MCM*, app. 16 at A16-3-4, ¶19 (2012 ed.) (when there is jurisdictional error or when a specification fails to state an offense, the initial action by the convening authority on the trial is to include language regarding the specific error and state "[t]he proceedings, findings, and sentence are invalid" and "another trial is ordered before a court-martial to be designated.").

In light of the above, I find the convening authority had no authority to pursue an "other" trial or a rehearing following our dismissal of the specifications. Senior Judge Mitchell similarly agrees with that conclusion, although for slightly different reasons.

Senior Judge Mitchell and I hold that the convening authority, upon receiving the record of trial on remand from this court, was only authorized to issue a final order effectuating our previous dismissal of the specifications. *See United States v. Riley*, 55 M.J. 185, 188 (C.A.A.F. 2001) (holding that an appellate court's mandate returns jurisdiction to the convening authority to accomplish the explicit purpose of the mandate); *United States v. Diaz*, 40 M.J. 335, 343–45 (C.M.A. 1994) (holding that a convening authority can only take action that conforms to the limitations and conditions prescribed by an appellate court's remand as he has no independent statutory authority to act on the findings and sentence or to "modify, amend, alter, set aside, or in any manner disturb or depart from" that court's judgment).

In light of this conclusion, we need not reach the other issues raised by Appellant.

*Conclusion*

_____

record of any former proceedings . . . .); R.C.M. 810(d)(1) (discussing sentence limitations "at rehearings, new trials, or other trials"). *See also* R.C.M. 103(2) (referencing a capital case conducted as "a rehearing or new or other trial"); R.C.M. 304(g), Discussion ("Pretrial restraint may be imposed (or reimposed) if . . . a rehearing or 'other' trial is to be ordered."); R.C.M. 502(e)(2)(E) (establishing certain court-martial personnel can be disqualified if they served as a member of any earlier court-martial of which the trial is a rehearing or new or other trial); R.C.M. 912(f)(1)(J) and 503(a), Discussion (indicating that an individual should not be detailed as a panel member if he, in the case of a new trial, other trial, or rehearing, was a member of the court-martial which heard the case before.); R.C.M. 1103(b) (noting that the record of the former hearing should be attached to the record if the trial was a rehearing or new trial or other trial of the case); R.C.M. 1104(e) ("After every court-martial, including a rehearing and new and other trials, the authenticated record shall be forwarded to the convening authority for initial review and action . . . ."); R.C.M. 1208(b) (Restoration of rights, privileges and property shall occur "unless a new trial, other trial, or rehearing is ordered . . . ."); Mil. R. Evid. 301(d) (A witness's limited waiver of the self-incrimination privilege "does not extend to a rehearing or new or other trial . . . .").

The findings of guilty of Specifications 1 and 2 of the Charge are set aside, and the Charge and those specifications are dismissed with prejudice.[41] All rights, privileges, and property, of which appellant has been deprived by virtue of that aspect of the findings and sentence set aside by this decision, are ordered restored. *See* Articles 58b(c) and 75(a), UCMJ, 10 U.S.C. §§ 858b(c), 875(a).

MITCHELL, Senior Judge, concurring:

I agree with my colleague, Senior Judge Hecker, that this proceeding was not authorized and therefore the charges and specifications should be dismissed with prejudice. We both agree that a rehearing is not authorized in this case. We differ only in why an "other" trial is also not authorized. She concludes an "other" trial is not authorized because certain prerequisites for such a proceeding have not been met, whereas I conclude it is not authorized because it is a type of rehearing.

During this court's review of Appellant's first court-martial in January 2013, the panel set aside and dismissed the Charge and Specifications. *Carter*, unpub. op. Because the panel did not order a rehearing, this prohibited any rehearing—whether or not it was labelled as a "new hearing" or "other" trial. *See Atchak*, 75 M.J. 193 (holding that service courts have discretion to order a rehearing or dismiss charges). As Judge Hecker discusses above, an ambiguity in whether a rehearing was authorized required the Government to seek clarification, either from this court or our superior court. *See Harris*, 53 M.J. at 88 (holding that review of service court decisions on reassessment reviewable to prevent obvious miscarriages of justice or abuse of discretion); *cf. United States v. Captain*, 75 M.J. 99 (C.A.A.F. 2016) (holding that action by the convening authority that is incomplete, ambiguous or contains a clerical error is to be returned to that convening authority for correction). When those steps were not taken, any possibility of a rehearing was foreclosed.

I concur in the result that we must set aside the findings and sentence and dismiss this case with prejudice.

BROWN, Judge, dissenting:

---

[41] Here, the convening authority's final order in Appellant's court-martial noted this court had "set aside" the findings of guilty and the sentence, without referencing our concurrent dismissal of the Charge and its Specifications. As such, that order is void and of no effect. *See United States v. Stevens*, 27 C.M.R. 491, 492 (C.M.A. 1959) (if a convening authority's action exceeds the scope of a remand order, it is void and of no effect). The convening authority is hereby directed to issue a corrected order in Appellant's prior court-martial which reflects that the Charge and its specifications were dismissed.

I concur with my colleagues' analysis and conclusion that a rehearing is not authorized in this case. I also agree with Senior Judge Hecker that an "other" trial is not a type of rehearing.

I disagree, however, with both of my colleagues in that I conclude the convening authority was authorized to order an "other" trial. The first panel set aside and dismissed the Charge and Specifications for failure to state an offense. I would conclude that such a dismissal does not preclude further proceedings, in the form of an "other" trial, as to the misconduct that was the subject of the dismissed specifications.

First, our dismissal of the specifications was not with prejudice as the error from the defective specifications could be rendered harmless. *Cf. United States v. Sayler*, 72 M.J. 415 (C.A.A.F. 2013) (dismissing the charges with prejudice instead of ordering a rehearing because allowing a retrial would allow the Government to suffer no repercussions from its misconduct at trial); *United States v. Gore*, 60 M.J. 178, 189 (C.A.A.F. 2004). Second, when charges are dismissed, they are extinguished and disposed of, but this "does not necessarily bar subsequent disposition of the underlying offenses." *MCM*, app. 21 at A21-33 (2012 ed.). The Rules for Courts-Martial "clearly envision situations where repreferral is both anticipated and permitted." *United States v. Leahr*, 73 M.J. 364, 368 (C.A.A.F. 2014). This includes when a specification is dismissed at trial for failure to state an offense. *See* R.C.M. 907(a), Discussion (noting that dismissal of a specification where it fails to state an offense does not ordinarily bar a later court-martial for the same offense if the grounds for dismissal no longer exist); R.C.M. 905(g), Discussion (noting that a dismissal of a specification at a court-martial for failure to state an offense would be grounds for dismissal at a later court-martial for the same offense, but would not bar further proceedings on a new specification not containing the same defect as the original specification). I conclude this trial-level process and result is equally applicable to situations where the specifications are dismissed on appeal for failure to state an offense.

I do not believe an appellate court must expressly authorize an "other" trial as part of the remand before such a proceeding can be ordered by a convening authority. R.C.M. 1107(e)(2) states that, "The *convening* or higher authority may order an 'other' trial if the original proceedings were invalid because of . . . failure of a specification to state an offense." (emphasis added). While it is true that this court could have expressly authorized an "other" trial, silence by this court does not otherwise limit the convening authority's independent authorization under this R.C.M. to do so.[42] That authority is instead tempered by statutes of limitation, double jeopardy protections, and speedy trial concerns.

---

[42] Furthermore, while not expressly authorizing an "other" trial, this court did envision that the convening authority might independently pursue additional proceedings on the misconduct that formed the basis for the dismissed specifications. While denying Appellant's request for relief from post-trial delay, this court relied in part on a desire to minimize the potential of a windfall for Appellant in a later proceeding (erroneously called a "rehearing" rather than "other" trial in the opinion) based on these dismissed specifications. Accordingly, this is not a situation where the convening authority acted *contrary* to this Court's direction.

Appellant's second court-martial is not subject to, or expressly impacted by, the terms of the remand of his first court-martial. The second court-martial was an independent de novo proceeding, not a continuation of his initial trial. *Cf. Chapman v. United States,* 75 M.J. 598 (A.F. Ct. Crim. App. 2016) (distinguishing between a writ of habeas corpus that is a new proceeding and a writ of coram nobis that is a continuation of the same proceeding). The Charge and Specifications from Appellant's first court-martial were dismissed and that case ended. Our dismissal of the Charge and Specifications in our January 2013 decision was not with prejudice, nor did it otherwise limit the convening authority from conducting a second proceeding involving the misconduct alleged in those specifications. As such, the convening authority was fully empowered to prefer and refer charges related to that misconduct, subject to applicable speedy trial, double jeopardy and statute of limitations considerations.

I agree with the Government that the language of our opinion and of Article 66(d), UCMJ, does not limit the authority of the convening authority to order such an "other" trial. According to the Government, the only limitation on the convening authority's authority is that he cannot act in a manner contradictory to an explicit mandate from a superior court with respect to remanded charges. In support of this argument, the Government cites to *United States v. McMurrin*, 72 M.J. 697 (N-M. Ct. Crim. App. 2013) for the proposition that "[i]n the absence of any express prohibition, 'the remand order [of an appellate court] is presumptively a general one.'. . . By contrast, a limited mandate 'must convey clearly the intent to limit the scope of the lower court or convening authority's review. . . .The language used to limit the remand should be, in effect, unmistakable.'" *Id.* at 703 (internal citations omitted). Arguing that we remanded the case with a general mandate, the Government contends our mandate did not limit the convening authority's ability to order an "other" trial pursuant to R.C.M. 1107(e)(2). *See McMurrin*, 72 M.J. at 703.

In *McMurrin*, the appellant was convicted of negligent homicide as a lesser included offense of involuntary manslaughter. *Id.* at 700. On appeal, our sister court set aside the findings of guilty to negligent homicide in light of our superior court's recent decisions regarding the elements test for lesser included offenses, dismissed the original greater charge of involuntary manslaughter, affirmed other findings of guilty, and authorized a rehearing on sentence. *McMurrin*, 69 M.J. 591, 594-97 (N-M. Ct. Crim. App. 2010). Upon receiving the case, the convening authority referred a negligent homicide charge to be combined with the sentence rehearing based on the same underlying conduct prosecuted at the appellant's first court-martial. *McMurrin*, 72 M.J. at 700. After he was convicted of that offense, the appellant argued the convening authority contravened the appellate court's mandate by referring a charge based on the same conduct it had previously dismissed. *Id.* at 701.

The Navy court noted that Article 66(d), UCMJ, gave it two options in the case when it set aside guilty findings and the sentence—ordering a rehearing or dismissing the charges—and that it had elected not to order a rehearing on a charge (involuntary manslaughter) for which the appellant had been acquitted and where the lesser included offense was "constitutionally infirm." *Id.* at 702. The court noted that Article 66(d), UCMJ, does not distinguish between dismissal and dismissal with prejudice, with the latter meaning further prosecution of the charge is barred. *Id.* It declined to presume that prejudice attached to its dismissal in the absence of any indication that the error was so damaging that it cannot be rendered harmless at a retrial. *Id.* at 701-02; *see also United States v. Lewis*, 63 M.J. 405, 416 (C.A.A.F. 2006) (citations omitted). The court found the error of insufficient notice to the appellant regarding the lesser included offenses could be remedied through referral of a proper negligent homicide specification at a combined rehearing. *Id.* at 703. The court also found an additional factor weighing against the appellant: the first opinion's general mandate, which did not bar the convening authority from referring the negligent homicide to the appellant's combined rehearing. *Id.* at 703-04.

I find this reasoning applicable and persuasive here.


FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court