UNITED STATES, Appellee

v.

James W. SUTTON, Technical Sergeant
U.S. Air Force, Appellant

No. 09-0458

Crim. App. No. 37155

United States Court of Appeals for the Armed Forces

Argued January 12, 2010

Decided April 6, 2010

ERDMANN, J., delivered the opinion of the court, in which
EFFRON, C.J., and BAKER, STUCKY, and RYAN, JJ., joined.

Counsel


For Appellant:  Daniel Conway, Esq. (argued); Major Michael A.
Burnat, Major Lance J. Wood, and Gary Meyers, Esq. (on brief).

For Appellee:  Captain Joseph J. Kubler (argued); Colonel
Douglas P. Cordova, Lieutenant Colonel Jeremy S. Weber, Major
Coretta E. Gray, and Gerald R. Bruce, Esq. (on brief).

Military Judge:  Timothy D. Wilson


**This opinion is subject to revision before final publication.**

United States v. Sutton, No. 09-0458/AF

Judge ERDMANN delivered the opinion of the court.

Technical Sergeant James W. Sutton was convicted at a contested general court-martial of one specification of soliciting his step-daughter to engage in indecent liberties, in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934. He was sentenced to a reduction to E-4, three months of hard labor without confinement, and a bad-conduct discharge. The convening authority approved the sentence and the United States Air Force Court of Criminal Appeals affirmed the findings and sentence. United States v. Sutton, No. ACM 37155, 2009 CCA LEXIS 39, 2009 WL 289806 (A.F. Ct. Crim. App., Jan. 29, 2009) (unpublished).

"A specification states an offense if it alleges, either expressly or by implication, every element of the offense, so as to give the accused notice and protection against double jeopardy." United States v. Crafter, 64 M.J. 209, 211 (C.A.A.F. 2006) (citations omitted). We granted review to determine whether a specification which alleges that the appellant solicited his step-daughter to commit the offense of indecent liberties with a child by asking her to lift her shirt to show him her breasts states an offense.[1] We hold that the

---

[1] We granted review of the following issues:

I. Whether the military judge erred in denying the defense motion to suppress Appellant's oral and written statements based on a violation of Article 31, UCMJ.

2

specification as drafted in this case fails to state an offense and therefore dismiss the charge and its specification. [2]

BACKGROUND

In December 2005 Sutton was wrestling on his bed with his two step-daughters, P.S. and H.S., while his wife, the children's mother, was not at home.  After asking H.S. to leave the room, Sutton asked P.S., then ten years of age, to lift her shirt.  P.S. shook her head, indicating she would not, and hid her face in her stuffed animal.  P.S. did not immediately report the incident.  Several days later while the family was shopping at Wal-Mart, P.S. became upset and, for the first time, informed her mother that Sutton had asked her to lift her shirt and also said that he had offered her $20.00.[3]  Mrs. Sutton confronted Sutton about the incident and testified that he admitted asking P.S. to show him her chest and offered her money to do so.

Mrs. Sutton later reported her daughter's statements to an on-base chaplain.  The chaplain contacted the Air Force Office of Special Investigations (OSI), which initiated an

---

II.  Whether the facts charged in the specification are sufficient as a matter of law to support a charge for solicitation of indecent liberties with a child under Article 134, UCMJ, where the person solicited was that child.

United States v. Sutton, 68 M.J. 201 (C.A.A.F. 2009) (order granting review).

[2] Since our decision on Issue II is dispositive of the case, we do not address Issue I.

investigation the same day.  OSI contacted the Tom Green County (Texas) District Attorney's Office for assistance in the investigation.  Upon completion of the civilian investigation, Sutton was indicted in Texas state court on one count of indecency with a child by exposing his genitals to P.S., and one count of criminal solicitation of a minor by asking P.S. to expose her breasts.  The criminal solicitation count was withdrawn by the state on legal grounds after the defense filed a motion to quash that count,[4] and the state proceeded to trial on the single indecency count.  During the trial on the indecency count P.S. recanted her earlier statements that Sutton had exposed his genitals to her and he was subsequently acquitted of that charge.

Sutton was then charged by military authorities under Article 134, UCMJ, as follows:[5]

> TECHNICAL SERGEANT JAMES W. SUTTON . . . did, at or
> near the State of Texas, between on or about 1
> December 2005 and on or about 1 February 2006,
> wrongfully solicit his dependant step-daughter, [PS],
> a female under 16 years of age, not the wife of the
> accused, to engage in indecent liberties by asking her
> to lift her shirt and show him her breasts for $20.00,

---

[3] At the court-martial, P.S. testified that Sutton asked her to lift her shirt, but denied that he offered her money.
[4] Count 2 of the indictment alleged that Sutton solicited P.S. to expose her breasts.  Tex. Penal Code Ann. § 21.11 (indecency with a child) requires exposure of a child's anus or genitals but does not include exposure of the breast.
[5] Sutton was also charged under Article 134, UCMJ, with possessing visual depictions of minors engaging in sexually explicit conduct.  That specification was dismissed and is not at issue in this appeal.

> or words to that effect, with intent to gratify the
> lust of the accused.

Sutton's defense counsel filed a motion to dismiss the specification for failure to state an offense. The defense, relying at least in part on the prior Texas court ruling in Sutton's case, argued that asking a child to expose her breasts was not a crime. The Government responded that based on MCM pt. IV, para. 87.c(2) (2005 ed.), the offense was properly charged as indecent liberties with a child as it alleged that Sutton wrongfully solicited his step-daughter to engage in indecent liberties, and the conduct brought discredit to the Air Force and was prejudicial to good order and discipline. The military judge found that the specification did allege an act and that act, under the circumstances, was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

The issue of the sufficiency of the specification arose once again when the military judge was preparing his instructions for the panel. The military judge stated that the wording of the specification raised confusion as to the proper elements of the offense and questioned whether it was a mistitled solicitation offense. The military judge specifically asked trial counsel if the Government intended the charge to be

United States v. Sutton, No. 09-0458/AF

indecent liberties under Article 134, UCMJ,[6] or solicitation to commit indecent liberties under either Article 82, UCMJ, 10 U.S.C. § 882, or Article 134, UCMJ.  Trial counsel responded that they had used the word "solicit" in the specification as a term of art and that they viewed the charge as an indecent liberties charge under Article 134, UCMJ.  Sutton's defense counsel strongly disagreed with the Government's characterization of the specification.  The defense attorneys argued that the defense had always viewed the charge as a solicitation to commit indecent liberties and had prepared their defense on that basis.

The military judge, acknowledging the confusion in the wording of the specification, stated that Sutton "wasn't asking her [P.S.] or soliciting her to commit an offense.  If an offense was committed, it was committed by him, not by her. So he wasn't soliciting her to commit an offense."  Ultimately the military judge decided not to give the solicitation instruction:

> because the way I view solicitation as this instruction is intended, is it's intended to show the jury that the accused solicited another person to commit a crime.  That's not what we have here in the charge.  We don't have that charged in this case.  He did not solicit, arguably, his stepdaughter, [P.S.] to commit a crime.  He attempted to have indecent liberties with a child, allegedly, by soliciting her to do certain things.  But, those certain things were

---

[6] As this offense occurred prior to October 1, 2007, the Article 134, UCMJ, offense of "indecent liberties with a child" was still in force.  See MCM, Analysis of Punitive Articles Applicable to Sexual Assault Offenses Committed Prior to 1 October 2007 app. 27 at A27-3 (2008 ed.).

> not to commit a crime.  So consequently, I'm not
> giving the solicitation instruction.

After a recess the military judge convened an Article 39(a), UCMJ, 10 U.S.C. § 839(a), session and announced that he had been informed during the break by trial counsel that it was the convening authority's intention to refer the case as an Article 134, UCMJ, solicitation offense.  In view of the Government's change of position, and the defense objection to a proposed instruction on indecent liberties, the military judge stated that he had changed his mind and would instruct the panel on "solicitation" under Article 134, UCMJ.  The instructions given to the members set forth the elements and definitions for solicitation to commit the offense of indecent liberties as the offense alleged, and the elements and definitions for the offense of indecent liberties, as the offense Sutton solicited P.S. to commit.

## DISCUSSION

We turn first to Issue II, which is whether the specification states an offense.  As noted, the standard for determining whether a specification states an offense is whether the specification alleges "every element" of the offense either expressly or by implication, so as give the accused notice and protect him against double jeopardy.  Crafter, 64 M.J. at 211; United States v. Dear, 40 M.J. 196, 197 (C.M.A. 1994); Rule for Courts-Martial 307(c)(3).  "The question of whether a

specification states an offense is a question of law, which this Court reviews de novo." Crafter, 64 M.J. at 211 (citations omitted). Sutton argues that a solicitation charge requires that the person solicited be asked to participate in a crime punishable under the UCMJ and P.S. was not asked to commit a crime. He notes that under the charged specification, the victim must necessarily be an accomplice in the crime against her, a concept that is very confusing. Sutton also notes the military judge's statements at trial that "if [the Government] intended [the charge] to be a solicitation charge, then they would have a real problem. . . . If an offense was committed, it was committed by him, not by her. . . . he wasn't soliciting her to commit an offense."

The Government responds that they need only show that P.S. knew that the solicitation was an invitation to join in a criminal venture. The Government argues that it does not matter if P.S. was solicited to commit a crime where she was the potential victim, and the fact that Sutton asked P.S. to victimize herself should not decriminalize the solicitation. Relying on two courts of criminal appeals decisions, the Government argues that when a child is asked to expose herself for an adult's lustful purpose, and that child knows what is being asked is wrongful, then that child has been solicited to commit indecent liberties with a child. United States v. Conway, 40 M.J. 859, 862 (A.F.C.M.R. 1994); United States v.

United States v. Sutton, No. 09-0458/AF

<u>Harris</u>, No. NMCCA 9901587, 2003 CCA LEXIS 269, *3 (N-M. Ct. Crim. App. Nov. 26, 2003) (unpublished).[7]  We disagree.

In both <u>Conway</u> and <u>Harris,</u> each appellant asked his step-daughter to allow him to see her naked.  Both were charged with soliciting their step-daughters to commit indecent liberties with a child.  In affirming the convictions, both decisions focused on whether the victims knew the request was wrongful (finding that they did) and whether the solicited conduct constituted part of a criminal venture.  Neither decision, however, specifically addressed whether it was legally possible for the victims to commit the offense.

As noted, the specification in question reads as follows:

Specification 1:  TECHNICAL SERGEANT JAMES W. SUTTON
. . . [d]id, at or near the State of Texas, between on or about 1 December 2005 and on or about 1 February 2006, wrongfully solicit his dependant step-daughter, [PS], a female under 16 years of age, not the wife of the accused, to engage in indecent liberties by asking her to lift her shirt and show him her breasts for $20.00, or words to that effect, with intent to gratify the lust of the accused.

The elements of "soliciting another to commit an offense" under Article 134, UCMJ, are:

(1)  That the accused solicited or advised a certain person or persons to commit a certain offense under the code other than one of the four offenses named in Article 82;

_____

[7] Both <u>Conway</u> and <u>Harris</u> relied on <u>United States v. Oakley</u>, 7 C.M.A. 733, 23 C.M.R. 197 (C.M.A. 1957), and <u>United States v. Higgins</u>, 40 M.J. 67 (C.M.A. 1994), however, neither of those cases dealt with situations in which the individuals solicited to commit the offense in question were also the victim of that offense.

> (2)   That the accused did so with the intent that the offense actually be committed; and
>
> (3)   That under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

MCM pt. IV, para. 105.b (2005 ed.).  The first element of solicitation under Article 134, UCMJ, requires the accused to solicit another person to commit an offense.  Here the Government alleges that Sutton solicited P.S. to commit the offense of indecent liberties with a child.  The elements of the Article 134, UCMJ, offense of indecent acts or liberties with a child are as follows:

> (2) No physical contact.
>
>> (a)   That the accused committed a certain act;
>> (b)   That the act amounted to the taking of indecent liberties with a certain person;
>> (c)   That the accused committed the act in the presence of this person;
>> (d)   That this person was under 16 years of age and not the spouse of the accused;
>> (e)   That the accused committed the act with the intent to arouse, appeal to, or gratify the lust, passions, or sexual desires of the accused, the victim, or both; and
>> (f)   That, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

MCM pt. IV, para. 87.b(2) (2005 ed.).  The elements of indecent liberties with a child clearly contemplates two actors, as the Manual refers to "the accused" and refers to the victim as a

10

"certain person" or "this person." See MCM pt. IV, para. 87.b(2)(b)-(e). In contrast, the specification under which Sutton was charged presumes P.S. could have committed the act of indecent liberties with a child on herself.

While the evidence established that Sutton did ask P.S. to lift her shirt, the act of P.S. lifting her shirt, in this context, could not constitute the criminal offense of indecent liberties with a child by P.S.[8] Under the factual circumstances presented here, a charge of indecent liberties with a child could have alleged that Sutton asked P.S to lift her shirt to show him her breasts in order to gratify his lust. That, however, was not the charge and instead the Government chose to charge Sutton with soliciting P.S. to commit the offense of indecent liberties with a child. Because P.S. cannot commit the offense of indecent liberties with a child on herself, the specification fails to state an offense.

CONCLUSION

The decision of the United States Air Force Court of Criminal Appeals is reversed. The finding of guilty to the charge and its specification and the sentence are set aside. The charge and specification are dismissed.

---

[8] Even if we were to assume that P.S. could be considered an aider or abettor under Article 77, UCMJ, the charge would still fail as she did not share in any criminal purpose. See MCM pt. IV, para. 1.b(2)(b)(ii).