# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, KRAUSS and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist CHRISTOPHER S. MCGEE**
**United States Army, Appellant**

ARMY 20110678

Headquarters, Fort Bliss
David H. Robertson and Mark A. Bridges, Military Judges
Colonel Francis P. King, Staff Judge Advocate

For Appellant: Major Jaired D. Stallard, JA; Captain Brandon H. Iriye, JA (on brief).

For Appellee: Major Robert A. Rodrigues, JA (on brief).

28 March 2013

------------------------------------
SUMMARY DISPOSITION
------------------------------------

KRAUSS, Judge:

A military judge, sitting as a general court-martial, convicted appellant, pursuant to his pleas, of one specification of false official statement, two specifications of aggravated sexual assault of a child, one specification of indecent liberty with a child, one specification of indecent act, one specification of sodomy with a child under the age of sixteen, one specification of indecent language, and one specification of soliciting another to commit an offense in violation of Articles 107, 120, 125, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 907, 920, 925, 934 (2006 & Supp. IV 2010) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for seven years, and reduction to the grade of E-1. The convening authority also credited appellant with sixty-three days of confinement against the sentence to confinement.

This case is before the court for review under Article 66, UCMJ. Appellant offers no assignment of error but does personally raise matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). Though we find no merit to those matters raised, we do conclude that a substantial basis in law and fact exists that requires our rejection of appellant's plea to soliciting another to commit an offense.

Appellant entered a plea of guilty to wrongfully soliciting SN to commit an indecent act. Wrongful solicitation requires the solicitee to understand that she is being asked to participate in a criminal venture. *United States v. Higgins*, 40 M.J. 67, 68–69 (C.M.A. 1994). Here, despite the fact that the judge properly defined the offense, neither the stipulation of fact nor the providence inquiry established that SN knew that the act requested of her was criminal nor did appellant otherwise satisfactorily admit that fact. Under these circumstances, rejection of that plea is appropriate. *See id. See also United States v. Sutton*, 68 M.J. 455, 458–59 & 459 n.8 (C.A.A.F. 2010). *See generally United States v. Inabinette*, 66 M.J. 320, 321–22 (C.A.A.F. 2008).

The finding of guilty of Specification 4 of Charge VI is set aside and dismissed. The remaining findings of guilty are AFFIRMED. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986) and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion, the sentence as approved by the convening authority is AFFIRMED.

Senior Judge Yob and Judge Burton concur.

FOR THE COURT:

KENNETH J. TOZZI
COL, JA
Acting Clerk of Court

2