# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, HERRING, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class H. COHEN BAKER**
**United States Army, Appellant**

ARMY 20140396

Headquarters, U.S. Army Fires Center of Excellence and Fort Sill
Wade N. Faulkner, Military Judge
Colonel Mark W. Seitsinger, Staff Judge Advocate

For Appellant: Captain Heather L. Tregle, JA (argued); Lieutenant Colonel Charles D. Lozano, JA; Major Aaron R. Inkenbrandt, JA; Captain Heather L. Tregle, JA (on brief); Lieutenant Colonel Charles D. Lozano, JA; Lieutenant Colonel Jonathan F. Potter, JA; Captain Heather L. Tregle, JA (on reply brief).

For Appellee: Captain Anne C. Hsieh, JA (argued); Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Steven J. Collins, JA; Captain Anne C. Hsieh, JA (on brief).

13 May 2016

---------------------------------
MEMORANDUM OPINION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

HERRING, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of failure to obey a lawful general regulation, one specification of sexual abuse of a child, one specification of possessing child pornography, and one specification of wrongful solicitation of nude photos from a minor, in violation of Articles 92, 120b, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 920b, 934 (2012) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge and to be reduced to the grade of E-1. The convening authority approved the sentence as adjudged.

BAKER —ARMY 20140396

Appellant's case is before this court for review under Article 66, UCMJ. Appellate defense counsel raises two errors, one of which merits discussion but not relief. Regarding appellant's other assignment of error, we find no "substantial basis" in law or fact to question the appellant's guilty plea to possession of child pornography. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). We do however find a basis to grant partial relief on an issue not raised by appellant.

## BACKGROUND

Appellant began exchanging text messages with Miss AR in August 2012, and appellant knew Miss AR was under the age of sixteen. These text messages turned sexual in nature and included the exchange of nude pictures of appellant and Miss AR. Appellant sent Miss AR pictures of his "exposed and erect penis." He also requested nude pictures from Miss AR. One of the pictures Miss AR sent to appellant was an image of her standing nude in front of a mirror in her bathroom.

The government charged and appellant pleaded guilty to, among other crimes, Specification 2 of Charge III, in violation of Article 134, UCMJ, as follows:

> [Appellant], U.S. Army, did on divers occasions, at or
> near Fort Sill, Oklahoma, between about 9 August 2012
> and about 21 August 2012, wrongfully solicit Miss AR, a
> child who had not attained the age of 16 years, to send
> him nude pictures of herself, such conduct being to the
> prejudice of good order and discipline in the armed forces
> and of a nature to bring discredit upon the armed forces.

During the providence inquiry, the military judge defined solicitation as "any statement or any other act which may be understood to be a serious request to do some act." When asked by the military judge why he was guilty to Specification 2 of Charge III, appellant admitted in his own words:

> [B]ecause I had wrongfully asked Miss [AR] to send nude
> pictures of herself. Additionally, my solicitation of the
> nude pictures from Miss [AR] was indecent. The act was
> grossly offensive to modesty, decency, or propriety because
> it is vulgar and intends to illicit lustful thoughts. The
> language that was used in my solicitation also violated the
> community standards of communication with a minor . . . .

The accused also described to the military judge that he asked for the photos of Miss AR to aid his own masturbation. The military judge summarized on the record the discussion by the parties during a Rule for Courts-Martial (R.C.M.) 802 conference regarding the maximum possible punishment for Specification 2 of

2

Charge III. The military judge stated that the government charged the wrongful solicitation as a "disorder and neglect to the prejudice of the good order and discipline or of a nature to bring discredit upon the armed forces." Averring that the maximum possible punishment for such an offense is not listed in the *Manual for Courts-Martial*, the military judge confirmed that the parties agreed that the most closely related offense is communicating indecent language to a minor under Article 134, UCMJ, and such an offense carries a two year maximum possibility of confinement.

## LAW AND ANALYSIS

A military judge's acceptance of a guilty plea is reviewed for an abuse of discretion. *Inabinette* 66 M.J. at 322. We must find a "substantial basis" in either law or fact for questioning a plea before overturning a military judge's acceptance of a guilty plea. *Id.*

However, whether a specification states an offense is a question reviewed de novo. *United States v. Sutton*, 68 M.J. 455, 457 (C.A.A.F. 2010) (quoting *United States v. Crafter*, 64 M.J. 209, 211 (C.A.A.F. 2006). To determine if a specification states an offense, we employ a three-prong test where the specification must: (1) allege the essential elements of the offense either expressly or by necessary implication, (2) provide notice to the accused of the offense so he can defend against it, and (3) give sufficient facts to protect against double jeopardy. *United States v. Dear*, 40 M.J. 196, 197 (C.M.A. 1994).

Here, we must first address whether the specification states an offense, and then, if so, whether there is a substantial basis in law or fact to question the military judge's acceptance of a plea. For Specification 2 of Charge III, the military judge discussed the following elements with appellant:

> One, that on divers occasions, between about 9 August 2012 and 21 August 2012, at or near Fort Sill, Oklahoma, you wrongfully solicited Miss [AR] to send nude photos of herself to you;
>
> Two, that at the time, Miss [AR] had not attained the age of sixteen years; and
>
> Three, that under the circumstances, the conduct by you was to the prejudice of good order and disciple in armed forces or of a nature to bring discredit upon the armed forces.

3

When a specification is first challenged at the appellate level, we liberally construe the specification in favor of validity. *United States v. Watkins*, 21 M.J. 208, 209 (C.M.A. 1986). To put it differently, a specification will be upheld on appeal "if the necessary facts appear in any form or by fair construction can be found within the terms of the specification." *United States v. Mayo*, 12 M.J. 286, 288 (C.A.A.F. 1982) (quoting *United States v. Sell*, 3 U.S.C.M.A. 202, 206, 11 C.M.R 202, 206 (1955). A "general disorder" offense under Article 134, UCMJ, has essentially two elements: one, that the accused did or failed to do certain acts; and two, that under the circumstances, the conduct was to the prejudice of good order and discipline or of a nature to bring discredit upon the armed forces. *Manual for Courts-Martial* (2012 ed.), pt. IV, ¶ 60b [hereinafter *MCM*, 2012].

Although the government awkwardly used the term "solicitation" to describe appellant's misconduct, the government's theory of the case was appellant asking Miss AR to send him nude photos of herself was criminal conduct.[1] On appeal, the government argues appellant's conduct was criminal because Miss AR was under the age of sixteen. We find the specification alleges the essential elements of a general disorder offense under Article 134, UCMJ, because appellant wrongfully asked a child for nude photos of herself, and such conduct was of a nature to bring discredit upon the armed forces.

We secondly look at whether appellant had adequate notice of the offense so that he may defend against it. We conclude that he did. Here, there is no question that wrongfully asking a minor for a nude photo can be criminally sanctioned. Indeed, the government could arguably have charged appellant's misconduct as Article 120b(c), UCMJ (2012), Sexual Abuse of a Child, under a "lewd act" theory.[2] *See MCM*, 2012, pt. IV, ¶ 45b(h)(5)(C) and (D). As agreed by the parties at trial, the most analogous offense is communicating indecent language to a child under Article 134, UCMJ. *See MCM* (2012), pt. IV, ¶ 89(b). The government bears the burden of

---

[1] It is a questionable, if not fatal at times, practice for the government to take legal terms of art with long-established elements and definitions, for example, "solicitation," and use Article 134 to modify that legal definition and required elements to 'convert' it into a 'plain meaning' definition. *See generally United States v. Sutton*, 68 M.J. 455 (C.A.A.F. 2010).

[2] We decline to find that Specification 2 of Charge III is barred by the preemption doctrine. *See MCM*, 2012], pt. IV, ¶ 60.c.(5)(a). Assuming *arguendo* that Specification 2 of Charge III is simply Article 120b(c) without the element of indecency, "simply because the offense charged under Article 134, UCMJ, embraces all but one element of an offense under another article does not trigger operation of the preemption doctrine." *United States v. Anderson*, 68 M.J. 378, 386-87 (C.A.A.F. 2010); *see also United States v. Jones*, 68 M.J. 465, 474 n.2 (C.A.A.F. 2010) (Baker, J. dissenting).

determining what offenses to charge an accused with committing. *United States v. Morton*, 69 M.J. 12, 16 (C.A.A.F. 2009).

We similarly conclude that the offense is valid under the third *Dear* prong. The specification states the alleged date, location, and victim of his misconduct. Furthermore, the specification alleges the specific acts as to make it not void for vagueness. *See generally Hamling v. United States*, 418 U.S. 87 (1974).

As we have determined that Specification 2 of Charge III states a valid offense, we now turn to whether there is a "substantial basis" in law or fact to question appellant's plea of guilty. In reviewing the guilty plea, we examine "the totality of circumstances of the providence inquiry, including the stipulation of fact, as well as the relationship between the accused's responses to leading questions and the full range of the accused's responses during the plea inquiry." *United States v. Nance*, 67 M.J. 362, 366 (C.A.A.F. 2009). Appellant entered into a so-called "naked plea," where he did not have the benefit of a pretrial agreement nor is there a stipulation of fact on which we can rely. We are thus left with only the providence inquiry.

When asked by the military judge why he believed he was guilty, appellant replied: "because I wrongfully asked Miss [AR] to send nude pictures of herself. . . The act was grossly offensive to modesty, decency or propriety because it is vulgar and intends to incite lustful thoughts." Appellant described his conduct as "indecent" and "violat[ing] the community standards of communication with a minor." Appellant also disavowed any defense as to mistake of fact as to her age or asking for the photos for any lawful purpose: "I asked, specifically, for her to send nude pictures of herself to aid in masturbation, sir."

We conclude that the military judge properly defined the elements of Specification 2 of Charge III as a general disorder offense under Article 134, UCMJ, and that appellant "admitted to every element of the offense to which [he pleaded] guilty." *United States v. Aleman*, 62 M.J. 281, 283 (C.A.A.F. 2006). Having found no abuse of discretion by the military judge, we find he properly accepted appellant's plea. "The abuse of discretion standard calls for more than a mere difference of opinion." *United States v. Stellato*, 74 M.J. 473, 480 (C.A.A.F. 2016) (quoting *United States v. Wicks*, 73 M.J. 93, 98 (C.A.A.F. 2014)).

However, the providence inquiry does not adequately establish how appellant's conduct for either specification of Charge III caused a "direct and palpable prejudice to good order and discipline." *United States v. Erickson*, 61 M.J. 230, 232 (C.A.A.F. 2005) (internal quotations omitted). Consequently, we will dismiss the language "to the prejudice of good order and discipline in the armed forces and" from Specification 1 and Specification 2 of Charge III

5

**CONCLUSION**

The court affirms only so much of the finding of guilty of Specification 1 of Charge III as finds that:

> [Appellant], U.S. Army, did, at or near Fort Sill, Oklahoma, on or about 12 August 2012, knowingly and wrongfully possess child pornography, to wit: a photograph of a minor engaging in sexually explicit conduct, such conduct being of a nature to bring discredit upon the armed forces.

The court affirms only so much of the finding of guilty of Specification 2 of Charge III as finds that:

> [Appellant], U.S. Army, did on divers occasions, at or near Fort Sill, Oklahoma, between about 9 August 2012 and about 21 August 2012, wrongfully solicit Miss [AR], a child who had not attained the age of sixteen years, to send him nude photos of herself, such conduct being of a nature to bring discredit upon the armed forces.

The remaining findings of guilty are AFFIRMED.

We are able to reassess the sentence on the basis of the error noted and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986). We are confident that based on the entire record and appellant's course of conduct, the military judge would have imposed a sentence of at least that which was adjudged, and accordingly we AFFIRM the sentence.

We find this reassessed sentence is not only purged of any error but is also appropriate. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by our decision, are ordered restored.

Senior Judge MULLIGAN and Judge BURTON concur.

BAKER —ARMY 20140396



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court