# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, PENLAND, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private E1 SEAN D. THOMAS**
**United States Army, Appellant**

ARMY 20150205

Headquarters, United States Army Maneuver Center of Excellence
Christopher T. Fredrikson, Military Judge
Colonel Charles C. Poché, Staff Judge Advocate

For Appellant: Lieutenant Colonel Charles D. Lozano, JA; Captain Heather L. Tregle, JA; Captain Katherine L. DePaul, JA (on brief); Captain Heather L. Tregle, JA; Captain Katherine L. DePaul, JA (on reply brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A. G. Courie III, JA; Major Steven J. Collins, JA; Major Anne C. Hsieh, JA (on brief).

9 September 2016

----------------------------------
MEMORANDUM OPINION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

WOLFE, Judge:

Appellant asked a child to take nude photos of herself masturbating and send them to him. In this appeal we address whether it is a crime to solicit a child to commit the offense of producing child pornography. We determine it is, and therefore affirm appellant's convictions.

Appellant pleaded guilty to, and was convicted of, two specifications of committing a lewd act with a child, receiving child pornography, and soliciting a child to produce and distribute child pornography, in violation of Articles 120b and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920b, 934 (2012) [hereinafter UCMJ]. The military judge sitting as general court-martial sentenced appellant to a bad-conduct discharge and ten months of confinement. The convening authority approved the sentence as adjudged.

On appeal, appellant assigns two errors. First, appellant argues Specification 4 of Charge II (soliciting a child to produced child pornography) fails to state an offense because one cannot solicit the victim of a crime to commit the offense. Second, appellant argues the military judge erred in merging the two solicitation specifications for sentencing but not findings.

## BACKGROUND

As part of his guilty plea appellant stipulated to all the relevant facts:

In the summer of 2014, appellant began communicating with a fifteen-year-old girl over a variety of cell phone applications including "MeetMe." From the beginning, she told him that she was fifteen and asked whether that was "ok?" Appellant responded "yes" and said that she could be his "pet."

Almost immediately after learning her age appellant demanded she send pictures of her "playin with [her]self." She initially demurred and said she was busy. Appellant then responded "Nope I want u to send now and I'm the master." In case his intent was unclear, appellant then demanded "a pic of you playin with that tight pu\*\*y" and "I wanna see you out [sic] a toy deep in that pu\*\*y." The child complied and sent a picture and video of her inserting a lotion bottle into her vagina. Appellant would later send pictures of his erect penis to the child.

Appellant also tried to arrange a meeting with the girl saying they could meet "one weekend but u gotta earn it pet." She responded "yes sir." Appellant then specifically discussed her losing her virginity to him.

A few days later the child's mother reported appellant to the MeetMe administrators who then forwarded her concerns to law enforcement. She also had her daughter's MeetMe account deleted. Nonetheless appellant continued to contact the child over Snapchat and requested and received more nude pictures of the girl's breasts and genitalia while she posed provocatively and performed sexually explicit acts.

## LAW AND DISCUSSION

### A. *Solicitation to Produce Child Pornography*

Appellant asserts the military judge abused his discretion in accepting his plea to the offense of soliciting the production of child pornography.

As an initial matter, we note that the government made an interesting charging decision. Solicitation is an inchoate offense. The facts surrounding this case, to include appellant's statements in the providence inquiry, establish that appellant aided and abetted the commission of the offenses to their completion. *See* Article 77, UCMJ ("Any person punishable under this chapter who . . . commits an offense .

. .or aids, abets, counsels, commands, or procures its commission . . . is a principal.").  In other words, under the government's charging decision, the offenses were committed when appellant asked (i.e. counseled) the child to create and send him pictures and videos of her masturbating irrespective of whether she followed through.  Thus, while we determine as a matter of law that the solicitation specification states an offense, the charging decision here created unnecessary complexities in the case and our affirmance of the charge should not be taken as an invitation for imitation.

### 1. Waiver

"An unconditional guilty plea generally waives all defects which are neither jurisdictional nor a deprivation of due process of law." *United States v. Schweitzer*, 68 M.J. 133, 136 (C.A.A.F. 2009) (citation and internal quotations marks omitted). That is, if the failure to state an offense is waivable, then a guilty plea waives the error on appeal.[1]  *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009) ("When . . . an appellant intentionally waives a known right at trial, it is extinguished and may not be raised on appeal.").

Until recently, the failure to state an offense was not waivable.  "A charge or specification shall be dismissed *at any stage of the proceedings* if . . . [t]he specification fails to state an offense."  Rule for Courts-Martial [hereinafter R.C.M.]

---

[1] We have often noted that the both the Manual for Courts-Martial and case law have used the terms "waiver" and "forfeiture" with imprecision.  In other words, the manual often refers to an accused "waiving" a right when in fact principles of forfeiture apply.  This distinction was clarified in the CAAF's seminal case of *Gladue* as follows:

> The granted issue arises out of the failure of military courts to consistently distinguish between the terms "waiver" and "forfeiture."
>
> Waiver is different from forfeiture.  Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right. The distinction between the terms is important.  If an appellant has forfeited a right by failing to raise it at trial, we review for plain error.  When, on the other hand, an appellant intentionally waives a known right at trial, it is extinguished and may not be raised on appeal.

*Gladue*, 67 M.J. at 313 (internal citations and quotations omitted).  However, here it appears the *Schweitzer* court meant "waiver" to mean "waiver" especially given that it was decided only a few months after the court's opinion in *Gladue*.

907(b)(1)(B), MCM (2012). The *Schweitzer* court even noted as much. *Schweitzer*, 68 M.J. at 136 (citing *United States v. Boyett*, 42 M.J. 150, 152 (C.A.A.F. 1995), which in turn cited R.C.M. 907(b)).

However, the President has recently modified R.C.M. 907(b) to provide that failure to state an offense is waivable. *See* Executive Order 13730, 81 Fed. Reg. 33,336 (20 May 2016). These amendments took effect as of the date of this order limited by the language that "[n]othing in these amendments shall be construed to . . . invalidate any nonjudicial punishment proceeding, restraint, investigation, referral of charges, trial in which arraignment occurred, or other action begun prior to the effective date of this order."

Accordingly, we must decide whether the recent amendment to R.C.M. 907 affects the disposition of this case. Our superior court, interpreting similar language in an Executive Order, held that it "divided military procedure in several phases," and "that if one divisible step had been completed under previous regulations, it was valid and effective." *United States v. Nichols*, 2 C.M.A. 27, 6 C.M.R. 27, 32 (C.M.A. 1952). It explained:

> Stated particularly, if an investigation has been held, that step has been taken and the new system shall not invalidate that much of the proceeding nor require that the offense be re-investigated; that if a trial has reached the point of arraignment, it shall be completed under the old procedure without interference by the new . . . . In a sense, the President set a cut-off date and he declared that acts accomplished or steps taken prior to that time were validated. He further declared that after the cut-off date the new procedure was to be controlling on those steps which had not been commenced prior to that date. . . . The result of these provisions, we believe, is to separate the court-martial process . . . into successive phases or principal steps, and to permit the completion with the old system's finality of any phase initially undertaken prior to the effective date of the Act on which the new procedure is based. However, as to stages not begun by this date, the provisions of the new scheme are to apply. . . .

*Id*. (emphasis altered) (citations and internal quotation marks omitted); *see also United States v. Roberts*, 75 M.J. 696, 700 (N.M. Ct. Crim. App. 2016) ("Our superior court, interpreting similar language in an Executive Order, held that it 'divided military procedure in several phases,' and 'that if one divisible step had been completed under previous regulations, it was valid and effective.'") (citing *Nichols*).

Thus, under the terms of Executive Order 13730, the changes to R.C.M. 907 become

effective any time there is a new "phase" or "step" in the court-martial process.[2]  An appeal is certainly a separate "phase" or "step" from the trial itself, and therefore the changes to R.C.M. 907 would be effective for new appeals.[3]  The question therefore becomes, when did the appeal phase begin?  We determine that the appellate phase began when the case was docketed for appeal on 20 August 2015, not when the case became "at issue" when the court received all relevant briefs.  Therefore, we shall not consider the recent amendment to R.C.M. 907 in deciding this case and determine that any failure to state an offense was not waivable error.

## 2. *Analysis*

The standard for determining whether a specification states an offense is whether the specification alleges "every element" of the offense either expressly or by implication, so as give the accused notice and protect him against double jeopardy.  *United States v. Crafter*, 64 M.J. 209, 211 (C.A.A.F. 2006); *United States v. Dear*, 40 M.J. 196, 197 (C.M.A. 1994); R.C.M. 307(c)(3).  The question of whether a specification states an offense is a question of law, which this court reviews de novo. *Crafter*, 64 M.J. at 211 (citations omitted).

Both parties rely on *United States v. Sutton*, 68 M.J. 455 (C.A.A.F. 2010).  In *Sutton*, the accused was charged with soliciting a child to commit indecent liberties.  The Court of Appeals for the Armed Forces determined that "[b]ecause [the child] cannot commit the offense of indecent liberties with a child on herself, the specification fails to state an offense." *Sutton*, 68 M.J. at 459.  Similarly, and by way of example, one who points a gun at a stranger and demands money has not committed the offense of solicitation to commit robbery.

Thus, we must determine whether a child can commit the offense of producing child pornography.  We answer this question affirmatively.  This is not to say, of course, that one should charge children with such crimes; especially when they are committed at the behest of adults.  The child in this case was, and remains, a victim of appellant's offenses. Two considerations cause us to reach this result.

First, child pornography is contraband, it is illegal to possess. *Manual for Courts-Martial, United States* (2012 ed.) [hereinafter *MCM*], pt. IV, ¶ 68b.  As

---

[2] The President's implementation guidance also contains an exception (not relevant here) for any amendment to the rules that makes "punishable any act done or omitted prior to the effective date of this order . . . ."

[3] An exception would be the law of the case doctrine.  *See Arizona v. California*, 460 U.S. 605, 618 (1983) (In general, the law-of-the-case doctrine "posits that when a court *decides* upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.")(Emphasis added.); *see also United States v. Carter*, 490 F.3d 641, 644 (8th Cir. 2007).  However, as this issue was never raised at trial, there was no *decision* that would trigger this doctrine.

promulgated by the President there is no exception that allows a child to produce child pornography. *Id.* Certainly, for example, if an adult asks one child to take sexually explicit photos of a second child, it is no defense to say that they are both children. Nor is there an exception when a single child takes pictures of him or herself. The plain language of the offense has no exception that would allow children to produce and distribute child pornography, even when the images are of themselves.

Second, to the extent that our sister courts have addressed the issue, they appear to have reached a similar conclusion. The Navy-Marine Court of Criminal Appeals analyzed a similar offense in light of *Sutton* and found no error in *United States v. Ashworth*, NMCCA 201500028, 2015 CCA LEXIS 373 (N.M. Ct. Crim. App. 2015)(per curiam).

Appellant also argues that legislative history of the offense weighs in favor of setting aside his guilty plea to this offense. Appellant's syllogism is as follows: The child pornography offenses were created to protect children. If the offense is created to protect children, then the child cannot be guilty of committing the offense. If a child cannot be guilty of committing the offense, then appellant cannot be guilty of soliciting the child to commit the offense. Therefore, we must set aside appellant's guilty plea to soliciting the production of child pornography. Of course, it takes some chutzpah to argue that because child pornography offenses protect children from sexual exploitation, we should set aside appellant guilty plea to soliciting the sexual exploitation of a child. Regardless, we need not definitively address the legislative history of the child pornography offenses as we find the plain language of the offense to be clear. *United States v. Nerad*, 69 M.J. 138, 140 (C.A.A.F. 2010).

Finally, we note appellant's comprehensive plea inquiry pursuant to *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969). The inquiry into his pleas was explicit. Appellant admitted, *repeatedly*, that he specifically intended that the child commit the offense of producing and distributing child pornography. He further admitted that the child *knew* she was committing a crime in sending child pornography to him, and that she knew it was wrong. In light of these admissions, we find no basis in law or fact to question appellant's plea.

### B. Unreasonable Multiplication of Charges

In his second assignment of error, appellant asserts that the military judge abused his discretion in not merging the solicitation offenses for findings. We disagree with appellant's framing of the issue. Appellant's plea of guilty, especially when part of a negotiated pretrial agreement, waived the issue of whether any of the specifications was unreasonably multiplied. *Schweitzer*, 68 M.J. at 136. Unless the offenses are "facially duplicative" a guilty plea waives any claim that the offenses are unreasonably multiplied. *Id.* (citing *United States v. Pauling*, 60 M.J. 91, 94 (C.A.A.F. 2004)). "By pleading guilty, an accused does more than admit that he did

the various acts alleged in a specification; 'he is admitting guilt of a substantive crime.'" *United States v. Campbell*, 68 M.J. 217, 219 (C.A.A.F. 2009) (citing *United States v. Broce*, 488 U.S. 563, 570 (1989)).

In our view, the issue is not whether the military judge erred. Any error was waived by appellant and "extinguished." *Gladue*, 67 M.J. at 313. Rather, the issue on appeal is whether we should exercise our "awesome, plenary de novo power of review" to notice waived and forfeited error. *Nerad*, 69 at 141-42, 144, 146-47.

In *United States v. Quiroz*, 55 M.J. 334, 338 (C.A.A.F. 2001), our superior court made clear that courts of criminal appeals are "well within [their] authority to determine the circumstances, *if any*, under which [they] would apply waiver or forfeiture" to issues of unreasonable multiplication of charges. (Emphasis added.). That is, while we have "awesome, plenary, de novo power" to recognize waived and forfeited issues, such recognition is not required, and is certainly not always wise.

Appellant agreed to plead guilty to these specific offenses in exchange for a pretrial agreement that reduced his punitive exposure by 98% (from forty-five years to twelve months).[4] Nothing in this record persuades us that we should exercise our discretionary authority to disturb that which appellant specifically negotiated.

## CONCLUSION

The findings of guilty and sentence are AFFIRMED.

Senior Judge CAMPANELLA and Judge PENLAND concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[4] That appellant was sentenced to only ten months does not alter our reasoning.